UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID CARLTON CORNETHAN,<br>Plaintiff,<br>v.<br>YOHANNIS TSEGAY, *et al.*,<br>Defendants. | CASE NO. 2:26-cv-02192-BHS-GJL<br>REPORT AND RECOMMENDATION<br>Noting Date: August 3, 2026 |

Plaintiff David Carlton Cornethan, a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint (Dkt. 3) in accordance with 28 U.S.C. § 1915A, the Court concludes Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and recommends this action be **DISMISSED without prejudice**.

## I. BACKGROUND

Plaintiff filed this action on June 22, 2026. Dkt. 3. As Defendants, Plaintiff has named a bus driver and the Seattle Metro bus line. *Id.* at 3. Plaintiff has organized his claims into two Counts. In Count I, Plaintiff alleged that, on September 10, 2024, a Seattle bus driver violated Plaintiff's "right to defend himself" during an altercation as Plaintiff was attempting to board. *Id.*

at 4–5. In Count II, Plaintiff alleges that the bus driver assaulted him. *Id*. at 6. Plaintiff seeks monetary damages and an order requiring that the bus driver be terminated from employment. *Id*. at 7.

As an exhibit to the Complaint, Plaintiff filed a copy of the Judgment and Sentence entered on February 6, 2026, arising from the same incident that forms the basis of this lawsuit. Dkt. 3-1. The Judgment and Sentence reflects that Plaintiff was sentenced to 50 months of incarceration and is currently serving that sentence. *Id.*

Plaintiff previously filed an action asserting substantially identical claims in *Cornethan v. Rapid Ride E-Line*, No. 2:26-cv-00146-JLR-BAT (W.D. Wash. filed Jan. 12, 2026). Upon screening Plaintiff's earlier complaint, the Court concluded that Plaintiff's claims were *Heck* barred because a judgment in Plaintiff's favor would necessarily imply the invalidity of the criminal conviction and sentencing allegedly arising from the September 2024 bus incident. *Id.*, Dkt. 8. Because Plaintiff had not demonstrated that his conviction or sentence had been invalidated as required to overcome a *Heck* bar, the Court recommended dismissal. *Id.* The District Judge adopted the Report and Recommendation and dismissed the action without prejudice on February 24, 202, the. *Id.*, Dkt. 9.

## II. SCREENING STANDARD

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. §1915(e)(2)(B); *Barren v.*

*Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

To sustain a 42 U.S.C. § 1983 claim, Plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992); *see also Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## III. DISCUSSION

Upon review, the Court applies the same screening analysis already applied to Plaintiff's earlier complaint here and concludes that Plaintiff's claims remain *Heck* barred. *Corenthan*, No. 2:26-cv-00146-JLR-BAT, Dkt. 8.[1]

---

[1] For Westlaw access, *see Corenthan v. E-Line*, No. 2:26-CV-00146-JLR-BAT, 2026 WL 512704 (W.D. Wash. Jan. 30, 2026), *report and recommendation adopted*, No. 2:26-CV-00146-JLR-BAT, 2026 WL 510649 (W.D. Wash. Feb. 24, 2026).

Under *Heck,* a § 1983 complaint cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is, in part, because the proper mechanism for obtaining federal judicial review of a state-court conviction is not a § 1983 action, but rather a petition for a writ of habeas corpus filed after state judicial remedies have been exhausted under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Even where a civil-rights plaintiff merely wishes to pursue damages and does not seek to challenge the legality of his conviction, *Heck* still requires the Court to consider whether a favorable decision would call into question the validity of his state-court conviction. Therefore, "[t]he critical question under *Heck* is a simple one: Would success on the plaintiff's § 1983 claim 'necessarily imply' that his conviction was invalid?" *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 643 (9th Cir. 2018) (quoting *Heck*, 512 U.S. at 487). If the answer to that question is "yes," as is the case here, then a plaintiff **MAY NOT** proceed with their claims **UNLESS** and **UNTIL** the plaintiff **can demonstrate** the underlying conviction or sentence have been I**NVALIDATED**. *Heck*, 512 U.S. at 487.

As in Plaintiff's prior action, Plaintiff's allegations arise directly from the altercation that resulted in his criminal conviction. Dkt. 3 at 4–5, 7. Plaintiff again alleges that the bus driver unlawfully assaulted him during that incident and seeks damages based upon those allegations. *Id.* Thus, a judgment in Plaintiff's favor on those claims would necessarily imply the invalidity of the conviction arising from the same events.

Despite the Court's prior dismissal of these claims under *Heck*, Plaintiff still has not demonstrated that the conviction or sentence has been invalidated. To the contrary, Plaintiff's own submissions establish that the conviction and sentence remain in effect. Plaintiff attached to

his Complaint a copy of the Judgment and Sentence entered on February 6, 2026, convicting him of an assault occurring on September 10, 2024, and sentencing him to 50 months of incarceration. Dkt. 3-1. Accordingly, the Court finds, based on the face of the Complaint and Plaintiff's own Exhibit, that Plaintiff remains subject to the conviction arising from the incident challenged in this action.

Because Plaintiff has not shown that the underlying conviction or sentence has been invalidated his claims remain barred by *Heck*. Although Plaintiff's prior civil action was dismissed without prejudice, that disposition does not alter the applicability of the *Heck* doctrine. **UNLESS** and **UNTIL** Plaintiff **can demonstrate** his underlying conviction and sentence have been **INVALIDATED**, he **MAY NOT** pursue a § 1983 claim arising from the same incident forming the basis of that conviction and sentence.

The Court further notes that, independent of the *Heck* bar, Plaintiff does not identify any constitutional provision or federal law allegedly violated by either Defendant. Instead, the Complaint appears to allege only that the bus driver assaulted Plaintiff, which, without more, sounds in state tort law rather than a claim cognizable under 42 U.S.C. § 1983. Dkt. 3 at 4–5, 7.

Furthermore, to the extent Plaintiff asserts only a state-law tort claim, he alleges no basis for the Court to exercise subject matter jurisdiction in this action, such as federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. However, because the *Heck* bar independently requires dismissal of the Complaint, the Court need not further address these other deficiencies or permit Plaintiff leave to amend.

## IV. CONCLUSION

For the above stated reasons, the undersigned recommends this action be **DIMISSED without prejudice** under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 3, 2026**, as noted in the caption.

Dated this 17h day of July, 2026.

Grady J. Leupold
United States Magistrate Judge